HAROLD L. WHITFORD *v.* AUDREY E. WHITFORD

[No. 18, October Term, 1944.]

*Decided November 1, 1944.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, BAILEY, CAPPER, and HENDERSON, JJ.

*Alvin L. Klupt*, with whom was *Malcolm B. Tebbs* on the brief, for the appellant.

Court declined to hear argument, but *George W. S. Musgrave* and *John E. Magers* were on the brief for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

Appellant filed his bill of complaint on August 24, 1943, in the Circuit Court No. 2 of Baltimore City, for a divorce *a mensa* from the appellee. In his bill he states that as a result of the marriage there is one child, a girl, aged six, whose corpus custody is in the appellee, under an agreement entered into in the Children's Court of Conciliation, Superior Court of the State of California, in and for the County of Los Angeles. He asks for the custody of this child. Defendant answered, denying her desertion and stated that she was forced to leave the marital home in Philadelphia by appellant's conduct and had to seek employment in the City of Baltimore, where she went accompanied by her mother and the infant child of the parties. That she rented a house in that city where she and her mother still reside. In November, 1942, appellant requested permission to take the child to visit his relatives in the State of Connecticut. When he did not return the child at the time fixed, appellee telephoned appellant's sister in Connecticut, and learned that the appellant had deceived her, and had taken the child to California; that she made a trip to California and caused a proceeding to be instituted in that state in the Superior Court in and for the County of Los Angeles, and that a hearing was had in what was called the Children's Court of Conciliation, which resulted in the execution of an agreement which she filed with her bill. She further stated that the appellant was without visible means of support, and had no employment of a permanent nature, and no proper home in which to take care of the child; while she has such a home and is financially able to support the child.

The agreement recites that the custody of the child is awarded jointly to both parties with a corpus custody to

the appellee, except that the appellant may have corpus custody for one-half of each summer school vacation, and that he may keep the child in the state of California during such period. In the event the appellant should move near Baltimore, he should have the right to have corpus custody of the child on alternate week ends.

On December 11, 1943, appellee filed an amended answer, stating that since the filing of the original answer, appellant had by trickery and fraud and a violation of the above agreement, taken forcible possession of the child and removed her from the State. In the amended answer she asks for affirmative relief, and asks that she be awarded a decree for the absolute custody of the child. On this amended answer, an order to show cause was passed, which was served on the solicitor of record for appellant. The appellant, by such solicitor, demurred to the amended answer on the ground that appellee did not obtain leave of Court to file it, and for other reasons to be shown at the hearing. However, the Court had granted tacit permission to appellee to file the amended answer and on the strength of this fact signed a *nunc pro tunc* order, permitting the answer to be filed.

The case was heard on February 1, 1944, upon demurrer to the appellee's amended answer, and upon the merits with respect to the custody of the child. The Court overruled the demurrer, and passed a final order giving the custody of the child to appellee with the right on the part of appellant to see the child at all reasonable times. This order is subject, of course, to modification by future order. From this order an appeal was taken. Subsequently, on March 23, 1944, the Court passed an order directing appellant to pay the sum of One Hundred ($100) Dollars for counsel fee to defend the appeal, and another appeal was taken from this order on behalf of the appellant.

The testimony taken at the hearing on the question of the custody of the child, showed that appellant did run away with the child again. On the strength of an agreement which was made in the office of appellee's

counsel in a conference between appellee and her counsel and appellant and his counsel, appellee let appellant have the child on week-ends. Just before the case was set for trial, appellant's counsel asked for postponement, on account of other matters in which he was involved, which was agreed to. Appellee received a telephone message to the effect that her husband had left his job and was leaving Baltimore. His counsel advised appellee's counsel that this was absurd, and thereupon appellee's counsel advised his client to let appellant have the child for the week end. As a result, he took the child again to California, where she now is. On this testimony, and on other testimony, showing clearly that appellee has a comfortable home in which she can keep the child, the Court gave her the custody.

The appellant objects to the Court hearing the case without giving him a chance to answer, or properly to prepare his defense, because he was not in the jurisdiction. He claims that the action of the Court was taken on the request in the answer for affirmative relief to which he demurs. However, we find from an examination of the bill of complaint itself that the question of the custody of the child was raised by the appellant so that the hearing was on the allegations of the bill. When the testimony shows that appellant procured the child from appellee under the circumstances set out, and took it to California in violation of his agreement, he has no standing in an equity Court to ask that the case be postponed until, either he chooses to come back, or until he communicates with his attorney. He started the proceedings in the Court, and it was at the request of his attorney that the original time of trial of the case was postponed. He took advantage of this postponement to absent himself from the jurisdiction of the Court. There is no obligation on the part of the Court to await his convenience to hear the question which he himself raised. He has arbitrarily and by fraud and trickery obtained the custody which he was asking the Court to give him. It would be a strange ruling to hold that he can take

570

advantage of his own wrong, and on account of his absence, have a right to have the hearing postponed. We think the order of February 1 was properly passed and should be affirmed.

The objection to the order of March 23, 1944, is that the testimony shows that the appellee is making $165 a month, which the appellant says is ample and sufficient means to enable her to pay her own counsel fee. He cites in this connection, *Flack's Annotated Code*, 1939, Article 16, Section 17, in which it is stated that the Court shall not award alimony and counsel fee unless it shall appear from the evidence that the wife's income is not sufficient to care for her needs. It does not appear from the evidence in this case that the wife is able to take care of herself and her child in the City of Baltimore, and also to pay counsel to defend a suit which her husband brought, and to defend against an appeal to this Court which her husband has taken, all on the sum of $165 a month. We think the allowance of counsel fee was proper, and that the order of March 23, 1944, should be affirmed.

*Orders affirmed with costs to the appellee.*